A90A0608. BATTS v. BOZEMAN & SON, INC.
(396 SE2d 505)

</div>

COOPER, Judge.

Appellant appeals the trial court's grant of summary judgment in this "slip and fall" case.

Appellant slipped and fell while walking through the entrance of

a Western Sizzlin restaurant, owned by appellee. Appellant testified in her deposition that she had eaten lunch there many times and was accompanied on the day of the accident by co-workers, including Estelle Mann. Appellant maintains she was entering the restaurant, exercising ordinary care for her own safety, when she fell. Her testimony reveals that, although she claims to have slipped on something greasy, she does not know exactly what caused her fall. The complaint alleges appellant fell due to appellee's "negligent failure to keep the floor in the restaurant free and clear from being unduly slick and hazardous." Appellant contended that the ceramic tile floor was of an unduly slick and hazardous nature and that this condition was known by appellee.

The trial court concluded that the affidavit of Stanley Bozeman "pierced the pleadings as to the existence of any defect in or on the floor" and that appellant failed to establish the existence of a defect and the appellee's knowledge thereof. We agree. Bozeman's affidavit established that the ceramic tile floor had never been waxed and was cleaned daily at the close of business; that Bozeman went to the location of the fall immediately after the incident and observed no foreign substance on the floor or on appellant's shoes; and that at least thirty other people had entered the restaurant prior to appellant without incident. Contrary to appellant's contention, Bozeman did not state that the tile was unduly slick.

Appellant contends on appeal that the trial court erred in granting summary judgment on the basis that she failed to produce any evidence that the ceramic floor was unduly slick or hazardous. In support of her contentions, appellant relies on the affidavit of Estelle Mann which stated that Mann was an eyewitness to the incident; that the ceramic finish was unduly slippery and covered by runners in other sections of the restaurant; that she witnessed slipping by others prior to the date of the accident; and that her son-in-law had previously fallen similarly.

The trial court correctly concluded that proof of the existence of a defect and the defendant's knowledge thereof are both required in this type of case. *Food Fair v. Mock*, 129 Ga. App. 421, 422 (199 SE2d 820) (1973). Appellant's decision to appeal the court's finding as to the first element only must be interpreted as a concession that the court was correct in its ruling on the second element which means appellant failed to satisfy her burden in defending against summary judgment. However, in an abundance of caution we will consider the arguments made by appellant in this appeal.

In response to appellee's piercing evidence in support of its motion for summary judgment, appellant "had to set forth specific facts and present her case in full in order to show there was a genuine issue for trial. [Cit.] This she failed to do." *Gross v. Frank's Warehouse Foods*, 192 Ga. App. 539, 540 (385 SE2d 688) (1989). Appellant's own

testimony reveals that she was unaware of the cause of her fall. Estelle Mann's affidavit concludes the floor was unduly slippery, however, that assertion is not supported by any probative evidence, as appellee correctly contends, of defects in the tile or its coating or evidence of the "quality of material used or the methods which [appellee] used in . . . maintaining its floor." *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). In addition, despite Mann's observations, there is no evidence in the record that appellee had either actual or constructive knowledge of any prior falls. Accordingly, the trial court did not err in granting summary judgment.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 30, 1990.

*M. Michael Kendall*, for appellant.
*David N. Lefkowitz, Carter & Ansley, Robert A. Barnaby II*, for appellee.